■ HAROLD LIEBERTHAL et al., Appellants, v AGENCY INSURANCE BROKERS, INC., as Successor in Interest to THE AGENCY/CHANDLER-ATWATER, INC., Respondent. [628 NYS2d 885] —Mercure, J. P. Appeal from an order of the Supreme Court (Plumadore, J.), entered June 13, 1994 in Clinton County, which granted defendant's motion for summary judgment dismissing the complaint.

At all times relevant to this action, plaintiffs operated a restaurant on the shore of Lake Champlain in Clinton County. The business procured its insurance from defendant, an insurance broker. At issue here is a Capital Mutual Insurance Company liability insurance policy that defendant obtained for plaintiffs, effective November 4, 1983 through November 4, 1986. On June 28, 1986, a restaurant patron injured her ankle when she stepped into plaintiff's shuttle boat (utilized to ferry boating patrons between their moored watercraft and the restaurant), and on February 22, 1988 she commenced a negligence action against plaintiffs to recover for her injuries. Capital Mutual disclaimed liability due to a policy exclusion for "bodily injury * * * arising out of the ownership, mainte-

---

nance, operation, use, loading or unloading of * * * any water-craft owned or operated by * * * any insured". As a result of the disclaimer, plaintiffs were required to provide their own defense to the action and ultimately assume liability for damages of $140,000.

Plaintiffs commenced this action in March 1993, alleging defendant's breach of a professional and contractual duty to procure full and adequate liability insurance coverage, including liability insurance coverage for use of watercraft in connection with plaintiffs' restaurant business. In its answer, defendant pleaded, *inter alia*, the defense of Statute of Limitations and thereafter moved for summary judgment on that defense, among others. Supreme Court granted defendant's motion and dismissed the complaint. Plaintiffs now appeal and we affirm.

We conclude that plaintiffs' cause of action accrued at the time of issuance of the subject insurance policy in 1983 (*see*, *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402; *National Life Ins. Co. v Hall & Co.*, 67 NY2d 1021) and in no event later than the June 28, 1986 injury to plaintiffs' patron (*see*, *Video Corp. v Flatto Assocs.*, 85 AD2d 448, 455, *mod on other grounds* 58 NY2d 1026; *Blonsky v Allstate Ins. Co.*, 128 Misc 2d 981). Application of the six-year limitations period (*see*, *Video Corp. v Flatto Assocs.*, 58 NY2d 1026, 1028) compels a determination that, unless tolled, the Statute of Limitations expired long before this action was commenced. In view of plaintiffs' "conclusive presumptive knowledge" of the terms of the insurance policy (*Rogers v Urbanke*, 194 AD2d 1024), there is no merit to the argument that defendant's failure to advise them that there was no coverage for watercraft liability constituted a fraudulent concealment such as to toll the Statute of Limitations.

Crew III, White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.