RUSSELL W. LYONS et al., Respondents, v SCHENECTADY INTERNATIONAL, INC., Appellant, et al., Defendant. (Appeal No. 1.) [753 NYS2d 411] —Appeal from an order of Supreme Court, Steuben County (Bradstreet, J.), entered October 29, 2001, which denied that part of the cross motion of defendant Schenectady International, Inc. seeking summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Russell W. Lyons (plaintiff) during the construction of a chemical tank farm facility at a plant owned by defendant Schenectady International, Inc. (SII). SII contracted with defendant TEC Protective Coatings, Inc. (TEC) to refinish the interiors of the chemical tanks, and TEC hired plaintiff's employer to perform part of that refinishing work. Supreme Court properly denied that part of the cross motion of SII seeking summary judgment dismissing the complaint against it. SII failed to meet its initial burden of establishing that it did not exercise supervisory control over the work site and that it neither created nor had actual or constructive notice of the allegedly dangerous conditions at the work site (see Perry v City of Syracuse Indus. Dev. Agency, 283 AD2d 1017; Skinner v Oneida-Herkimer Solid Waste Mgt. Auth., 275 AD2d 890, 891). SII cannot meet its burden based on plaintiffs' failure to identify the party or parties responsible for those allegedly dangerous conditions (see Reisch v Amadori Constr. Co., 273 AD2d 855, 857). Because SII failed to establish its own lack of negligence as a matter of law, the court also properly denied that part of the cross motion of SII seeking summary judgment on its cross claim for common-law indemnification against TEC (see Johnson v Packaging Corp. of Am., 274 AD2d 627, 629; Williams v G.H. Dev. & Constr. Co., 250 AD2d 959, 962).

The court erred, however, in granting the motion of TEC for summary judgment dismissing the complaint against it. Although TEC met its initial burden on the motion, the evidence submitted by plaintiffs and SII raises a triable issue of fact whether TEC exercised control over the work site or created or had notice of the allegedly dangerous conditions resulting in

injury to plaintiff (*see Samiani v New York State Elec. & Gas Corp.*, 199 AD2d 796, 797). We therefore modify the order in appeal No. 2 by denying the motion of TEC and reinstating the complaint against it. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.