■ EUGENE BAES, Individually and as Parent and Natural Guardian of KATIE JEAN BAES, an Infant, Respondent, v COUNTY OF NIAGARA, Appellant. [796 NYS2d 271]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered May 12, 2004. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained by his daughter while riding in a "gator," i.e., a motorized vehicle similar to a golf cart, owned by defendant and driven by defendant's employee. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. "The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment . . . , so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). Here, defendant failed to meet its burden of establishing as a matter of law that the alleged tortious conduct of its employee was not generally foreseeable and a natural incident of the employment (*see id.*). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.