■ COLLEEN ROBINSON, as Parent and Natural Guardian of D.S., an Infant, Appellant, v SYLVESTER DOWNS et al., Defendants, and DIOCESE OF ROCHESTER, Respondent. (Action No. 1.) COLLEEN ROBINSON, as Parent and Natural Guardian of D.S., an Infant, Appellant, v SACRED HEART CATHEDRAL et al., Respondents. (Action No. 2.) [834 NYS2d 770]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered April 20, 2006. The order, granted

the motion of defendant Diocese of Rochester in action No. 1 and defendants in action No. 2 for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint in action No. 1 against defendant Diocese of Rochester and the complaint in action No. 2 against the defendants in that action insofar as the complaints, as amplified by the bills of particulars, allege vicarious liability for the alleged negligence of defendant William Brown and reinstating the complaint in action No. 1 against defendant Diocese of Rochester insofar as it alleges a derivative cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced two actions that subsequently were consolidated, seeking damages for injuries sustained by her daughter when she was struck by an automobile owned by William Brown (Brown), operated by Sylvester Downs and registered to and insured by Joyce Brown, each of whom is a defendant in action No. 1. At the time of the accident, Brown was the coach of a basketball team for high school-age players, and Downs was a high school senior who had agreed to serve as an assistant coach. Brown permitted Downs to drive his automobile for the purpose of transporting players to a team practice. In action No. 1, plaintiff alleges, inter alia, that the Diocese of Rochester (Diocese), a defendant in action No. 1, was negligent in training, supervising and instructing Brown and that it is vicariously liable under the doctrine of respondeat superior for the alleged negligence of Brown in entrusting his automobile to Downs. In action No. 2, plaintiff alleges, inter alia, that the defendants in that action were negligent in supervising, hiring, assigning, retaining and training Brown.

We conclude that Supreme Court properly granted those parts of the motion of the Diocese and the defendants in action No. 2 seeking summary judgment dismissing the complaint in action No. 1 against the Diocese insofar as it alleges that the Diocese was negligent in training, supervising and instructing Brown and seeking summary judgment dismissing the complaint in action No. 2 insofar as it alleges that the defendants in that action were negligent in supervising, hiring, assigning, retaining and training Brown. The moving defendants submitted evidence establishing that they neither knew nor should have known of Brown's "propensity for the conduct which caused the injury," and plaintiff failed to raise a triable issue of fact (*State Farm Ins. Co. v Central Parking Sys., Inc.*, 18 AD3d 859, 860 [2005]).

The court erred, however, in granting those parts of the motion with respect to vicarious liability for the alleged negligence of Brown in entrusting his automobile to Downs. The moving defendants failed to establish as a matter of law that Brown, a volunteer, may not be considered their servant for purposes of respondeat superior liability (*see* Restatement [Second] of Agency § 225), or that Brown was not acting within the scope of his duties as a coach when he permitted Downs to use his automobile (*see Ramos v Jake Realty Co.*, 21 AD3d 744, 745 [2005]; *Baes v County of Niagara*, 19 AD3d 1091 [2005]; *see generally Riviello v Waldron*, 47 NY2d 297, 302-303 [1979]; *O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431, 442 [1981]). We therefore modify the order accordingly. Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.