■ BETINA FILS-AIME, Respondent, v RYDER TRS, INC., et al., Defendants, and CORNELL UNIVERSITY, Appellant. (Action No. 1.) MAGDA JACHOWICZ et al., Respondents, v MATTHEW D. VERMILYEA et al., Defendants, and CORNELL UNIVERSITY, Appellant. (And a Third-Party Action.) (Action No. 2.) CRISTOFARO SCACCIA et al., Plaintiffs, v TEAM FLEET FINANCING CORP. et al., Defendants. (Action No. 3.) ERIC Y. DUNST, Plaintiff, v RYDER TRS, INC., et al., Defendants. (Action No. 4.) [837 NYS2d 199]—

In four related actions to recover damages for personal injuries, the defendant Cornell University appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated September 6, 2005, which denied its motion for summary judgment dismissing the complaints in action Nos. 1 and 2 insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

While he was a student at the defendant Cornell University (hereinafter Cornell), Matthew VerMilyea, a defendant in all four actions, solicited the donation of certain laboratory equipment to Cornell from the defendant MPD Medical Associates, P.C. Dr. Walter Butler, VerMilyea's academic advisor at Cornell, and Dr. Allen W. Bell, the Chair of the Department of Animal Science at Cornell, accepted the donation on behalf of Cornell, and agreed that the equipment would be transported to Cornell by VerMilyea, in a vehicle rented by him, at Cornell's expense. While en route, VerMilyea was involved in an accident in which several individuals allegedly were injured. After the plaintiffs commenced these actions to recover for their injuries, and the actions were ordered to be jointly tried, Cornell moved for summary judgment dismissing the complaints in action Nos. 1 and 2 insofar as asserted against it. The Supreme Court denied Cornell's motion. We affirm.

Cornell failed to establish its prima facie entitlement to judgment as a matter of law. Under the doctrine of respondeat

superior, a principal is liable for the negligent acts committed by its agent within the scope of the agency (*see Riviello v Waldron,* 47 NY2d 297, 302 [1979]; *Valdez v Melba Utica Packing Co.,* 226 AD2d 627 [1996]). A principal-agent relationship may be established by evidence of the "consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act" (*Maurillo v Park Slope U-Haul,* 194 AD2d 142, 146 [1993]; *see Time Warner City Cable v Adelphi Univ.,* 27 AD3d 551, 552-553 [2006]; *Dynas v Nagowski,* 307 AD2d 144, 147-148 [2003]), even where the agent is acting as a volunteer (*see* Restatement [Second] of Agency § 225). VerMilyea's deposition testimony and e-mail correspondence with Butler, all of which was submitted by Cornell in support of its motion, demonstrated that questions of fact exist as to whether VerMilyea was acting as Cornell's agent when the accident occurred (*see Maurillo v Park Slope U-Haul, supra* at 146). Accordingly, the Supreme Court properly denied Cornell's motion for summary judgment dismissing the complaints in action Nos. 1 and 2 insofar as asserted against it (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Spolzino, J.P., Fisher, Covello and McCarthy, JJ., concur.