■ Peter Lewiarz, Also Known as Piotr Lewiarz, Also Known as Peter Lawiarz, et al., Respondents, v Travco Insurance Company, Also Known as Traveler's Insurance, et al., Defendants, and Sils Brokerage Corporation et al., Appellants. [919 NYS2d 227]—

Stein, J.

Plaintiffs, who are husband and wife, owned a home that was destroyed by fire in July 2001. At that time, the home was insured by defendant Travco Insurance Company (hereinafter Travelers), which paid plaintiffs' claim, but thereafter gave plaintiffs notice that it would not renew their homeowner's in-

surance policy when it expired in August 2002. Plaintiffs subsequently rebuilt the home. In June 2003, after having been unsuccessful for an extended period of time in obtaining insurance for the rebuilt home, plaintiff Peter Lewiarz (hereinafter plaintiff) called defendant Karen Kenney, with whom he claims to have conducted prior business, to see if she could assist him. Although a number of facts are in dispute, it is uncontroverted that plaintiff spoke to Kenney over the telephone and gave her information about his insurance needs; Kenney then relayed the information to defendant Sils Brokerage Corporation, which submitted an application to Travelers for a homeowner's insurance policy on plaintiff's behalf. Travelers issued a new homeowner's insurance policy to plaintiff, effective June 11, 2003. On September 29, 2006, plaintiffs' rebuilt residence was destroyed by a fire. In July 2007, Travelers rejected plaintiff's claim against the insurance policy on the ground that the policy was void ab initio because, among other things, plaintiff had concealed in his application the fact that he had previously suffered a fire loss at his residence.[1]

In December 2007, plaintiffs commenced this action alleging that Sils and Kenney (hereinafter collectively referred to as defendants) were negligent in preparing the application to Travelers for insurance coverage. Following substantial discovery, defendants moved for summary judgment dismissing the complaint on the grounds that the claim is barred by the statute of limitations, Sils is not vicariously liable for the actions of Kenney because she was not employed by Sils at the time the insurance application was made, there is no privity between Sils and plaintiffs, and Kenney is not individually liable to plaintiffs because she acted solely in the course of her employment with Dolores Buonocore Agency (hereinafter Buonocore). Supreme Court's denial of their motion prompted this appeal by defendants.

Preliminarily, we conclude that Supreme Court properly entertained defendants' statute of limitations argument set forth for the first time in their motion for summary judgment. Plaintiffs correctly note that defendants had neither raised the statute of limitations defense in their answer nor moved to dismiss the complaint on that ground pursuant to CPLR 3211

---

1. Travelers also relies on additional errors and/or misrepresentations in the application which it claims were misleading, including, among others, the misspelling of plaintiff's surname, the omission of his wife's name from the policy, a change in the street address of the property since plaintiffs' previous coverage as a result of a new 911 numbering system and the location of a fire hydrant.

(a) prior to their summary judgment motion. However, " 'the waiver that would otherwise have resulted from [the failure to plead the defense or move to dismiss the complaint premised on such defense] was retracted by assertion of the defense in connection with the summary judgment motion[ ]' " (*Allen v Matthews*, 266 AD2d 782, 784 [1999], quoting *Adsit v Quantum Chem. Corp.*, 199 AD2d 899, 900 [1993] [citation omitted]; *see Sullivan v American Airlines, Inc.*, 80 AD3d 600, 602 [2011]).

We must, therefore, determine the propriety of Supreme Court's holding that plaintiffs' negligence action accrued on the date their claim was rejected by Travelers—resulting in timely commencement of this action—as opposed to the date the policy was issued, as defendants argue, which would render the action time-barred. "The [s]tatute of [l]imitations does not run until there is a legal right to relief. Stated another way, accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993] [citation omitted]). Inasmuch as "[d]amages are a necessary element of a negligence claim which must be pleaded and proven" (*Siler v Lutheran Social Servs. of Metro. N.Y.*, 10 AD3d 646, 648 [2004]), plaintiffs could not have established any harm until their claim was denied by Travelers. Thus, where, as here, a claim against an insurance agent or broker relating to the failure of insurance coverage sounds in tort, the injury occurred and the plaintiffs were damaged when coverage was denied (*see Bond v Progressive Ins. Co.*, 82 AD3d 1318, 1320-1321 [2011]; *see also Venditti v Liberty Mut. Ins. Co.*, 6 AD3d 961, 962 [2004]; *compare Lieberthal v Agency Ins. Brokers*, 216 AD2d 816, 817 [1995]). Accordingly, Supreme Court properly determined that plaintiffs' action was timely.

Turning to the merits, as the movants for summary judgment, defendants bore the initial burden of "mak[ing] a prima facie showing of entitlement to judgment as a matter of law" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In support of their motion, defendants submitted four affidavits which alleged, among other things, that on June 5, 2003, plaintiff called Buonocore, a corporation solely owned and operated by Dolores Buonocore, from whom plaintiff had previously procured insurance. Although Buonocore was primarily devoted to real estate, it would occasionally obtain insurance for customers by submitting their information to other insurance agencies, including Sils, who would obtain quotes from carriers and procure the insurance policy, with Buonocore receiving a share of the commissions paid on the policy and any subsequent renewals. Buonocore

permitted Kenney, an independent licenced real estate agent, to use office space for her real estate activities, in exchange for which she performed "basic secretarial/clerical office work." Buonocore's owner instructed Kenney how to perform certain tasks, including how to take basic information if someone called looking for an insurance policy. When plaintiff called Buonocore in June 2003, Kenney handled the call. After taking information from plaintiff, Kenney allegedly faxed her notes to Margaret Lamonaca, the office manager at Sils. Lamonaca subsequently called Kenney with a quote for plaintiff from Travelers, which Kenney relayed to plaintiff. When plaintiff indicated that he wished to purchase the policy, Kenney provided Sils with "basic information" for the policy. Sils thereafter submitted the information and an application to Travelers, which issued the policy to plaintiff.

According to the affidavits of Lamonaca and Sils' owner, Sils relied solely on the information provided by Kenney and Buonocore in procuring the subject policy. The affidavits of Lamonaca, Dolores Buonocore and Kenney further indicated that Sils assumed Buonocore's insurance portfolio in late July 2003 and that Kenney was hired as an employee of Sils in September 2003. However, Kenney was allegedly not employed by Sils at the time the insurance policy was issued to plaintiff. This evidence was sufficient to meet Sils' initial burden of establishing that no employment relationship existed between Kenney and Sils at the time plaintiff's insurance policy was procured (*see Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d 1628, 1629 [2010]) and, therefore, that no privity existed between plaintiff and Sils. Accordingly, the burden shifted to plaintiffs to raise a triable question of fact as to Sils' liability (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]).

In his deposition testimony, plaintiff first indicated his belief that he had initially called Kenney at Buonocore, but then testified that he was not certain whether he spoke to Kenney at her old location at Buonocore or at her "new location" with Sils. However, in his affidavit opposing the motion for summary judgment, plaintiff alleged unequivocally that, when he called Kenney, he "was informed that she had moved to a new business and was given a telephone number to call her at Sils." This evidence creates a classic question of credibility—to be resolved by a trier of fact—as to whether Kenney was employed by Sils or, at the very least, whether a principal-agent relationship existed between Kenney and Sils at the time the insurance policy was

procured, such that Sils may be vicariously liable for Kenney's actions (*see e.g. Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539, 544 [1999], *lv denied* 94 NY2d 760 [2000]; *see also Fils-Aime v Ryder TRS, Inc.*, 40 AD3d 917, 917-918 [2007]).[2]

Turning to the denial of Kenney's motion for summary judgment, Supreme Court held, in part, that "material issues of fact remain in relation to whether . . . Kenney and Sils failed to exercise due care in handling plaintiffs' insurance transaction." With respect to Kenney, the complaint alleges that she was negligent in taking down information pertaining to plaintiff's application and in submitting that information to Sils. The affidavits of Kenney and Dolores Buonocore allege that Buonocore instructed Kenney on what information to elicit for homeowner's insurance applications and to then contact various brokers to obtain quotes. If proven, the evidence establishes, at a minimum, the existence of a principal-agent relationship between Buonocore and Kenney (*see Fils-Aime v Ryder TRS, Inc.*, 40 AD3d at 918). Inasmuch as the tasks of obtaining information from plaintiff and submitting such information to Sils were within the scope of Kenney's employment/principal-agent relationship with either Buonocore or—as asserted by plaintiffs—with Sils, she cannot be held personally liable therefor (*see Ali v Pacheco*, 19 AD3d 439, 440 [2005]). Thus, Kenney's motion for summary judgment should have been granted.

The parties' remaining contentions have been considered and, to the extent they are properly before us, are either academic or without merit.

Peters, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Karen Kenney's motion for summary judgment; motion granted to that extent and complaint dismissed against said defendant; and, as so modified, affirmed.

2. Notably, plaintiffs argue that their claim against Sils is not based on a theory of vicarious liability but, rather, upon Sils' direct negligence in handling the insurance application. Regardless of whether there is an issue of fact as to Sils' relationship with Kenney, issues of fact clearly exist as to whether Sils was negligent in relying on the information provided by Kenney in submitting the insurance application to Travelers, providing an alternative ground for the denial of summary judgment to Sils.