SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**938**
**CA 11-00054**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

RONALD A. MALACHOWSKI, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

MARTIN J. DALY, DEFENDANT-RESPONDENT.

---

RHOADES, CUNNINGHAM & MCFADDEN, LLC, LATHAM (JOHN R. MCFADDEN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HARRIS & PANELS, SYRACUSE (MICHAEL W. HARRIS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered March 5, 2010 in a legal malpractice action. The order granted in part the motion of defendant for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action alleging, inter alia, that defendant, the attorney who represented him in divorce proceedings, negligently failed to discover various assets of his ex-wife. Supreme Court granted defendant's motion for summary judgment dismissing the amended complaint except insofar as it alleged that defendant was negligent in failing to pay interest to plaintiff on a distributive award held in escrow by defendant for approximately nine months. Plaintiff contends that the court erred in granting defendant's motion with respect to three of his malpractice claims, those alleging that defendant was negligent in failing to ascertain prior to settlement of the underlying divorce action the exact amount of a credit card debt in his ex-wife's name, in failing to move to vacate the stipulation entered in the underlying matrimonial action, and in failing to discover the full extent of his ex-wife's retirement benefits. We affirm.

"To obtain summary judgment dismissing a complaint in an action to recover damages for legal malpractice, a defendant must demonstrate that the plaintiff is unable to prove at least one of the essential elements of [his or her] legal malpractice cause of action" (*Boglia v Greenberg*, 63 AD3d 973, 974; *see Pignataro v Welsh*, 38 AD3d 1320). Here, we conclude that the court properly granted that part of defendant's motion with respect to the claim that he was negligent in failing to ascertain prior to settlement of the underlying divorce

action the exact amount of a Providian credit card debt in the ex-wife's name.  The ex-wife had disclosed that there was a specified debt on that credit card in her statement of net worth, but she did not identify the precise balance due as of the date of settlement.  We note that the balance due on the date of settlement was only $74.11 more than the amount listed by the ex-wife in her net worth statement.  In any event, defendant met his initial burden on that part of the motion by establishing that plaintiff was not damaged by defendant's failure to determine the exact amount due (*see Boglia*, 63 AD3d at 974).  There is a presumption that all property acquired during a marriage constitutes marital property, "even if it is titled only in the name of one spouse" (*Parkinson v Parkinson*, 295 AD2d 909, 909), and it is similarly " 'well settled that expenses incurred prior to the commencement of a divorce action constitute marital debt and should be equally shared by the parties' " (*Rodriguez v Rodriguez*, 70 AD3d 799, 802; *see Levine v Levine*, 24 AD3d 625, 625-626).  Thus, to defeat that part of the motion, it was incumbent upon plaintiff to demonstrate that the credit card debt constituted the wife's separate property, and he failed to do so.  In the absence of evidence that the debt was not a joint marital obligation, plaintiff would have been obligated to pay one half of the amount due even if defendant had informed him of that exact amount prior to settlement.

We further conclude that the court properly granted that part of the motion seeking dismissal of the amended complaint insofar as it alleges that defendant failed to move to vacate the stipulation entered in the underlying divorce action, inasmuch as plaintiff did not retain defendant for that purpose (*see DiGiacomo v Levine*, 76 AD3d 946, 949-950).  We note that plaintiff contends for the first time on appeal that defendant promised to move for vacatur.  Because plaintiff did not set forth that contention in the amended complaint or in the bill of particulars, or otherwise raise the issue in Supreme Court, that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Plaintiff's remaining contention is that the court erred in granting that part of defendant's motion with respect to his claim that defendant was negligent in failing to discover prior to settlement of the underlying divorce action that plaintiff's ex-wife, upon retirement, would receive payments of $500 per month from her then employer, over and above her anticipated pension benefits.  We reject that contention.  As the court noted in its decision, and as plaintiff concedes on appeal, the exact nature of the payments to plaintiff's ex-wife is unclear from the record.  It cannot be determined whether the payments constitute marital property, as plaintiff suggests, or whether, as defendant posits, they constitute social security bridge payments, which do not constitute a form of deferred compensation and thus are not marital property (*see Olivo v Olivo*, 82 NY2d 202, 208).  Plaintiff's claim regarding the payments in question was not set forth in the amended complaint, nor was it referenced in the bill of particulars.  Instead, it was raised for the first time by plaintiff in opposition to defendant's motion.  In any event, defendant, in moving for summary judgment, met his initial burden of establishing as a matter of law that plaintiff sustained no

damages as a result of defendant's negligence, thus shifting the burden to plaintiff to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We conclude that, because plaintiff failed to offer any evidence to support his claim that the $500 monthly payments received by his ex-wife from her former employer constitute marital property, he failed to raise an issue of fact whether he sustained any damages as a result of defendant's alleged failure to discover them prior to settlement.

Finally, we note that plaintiff has abandoned all other claims of malpractice alleged in the amended complaint and bill of particulars (*see Ciesinski*, 202 AD2d at 984), leaving for trial only the claim that defendant was negligent in failing to pay interest on the distributive award.

Entered: September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court