# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**533**

**CA 12-01222**

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

RICHARD HOTALING, PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

CHARLES M. SPROCK, ESQ., ROBERT F.
BALDWIN, JR., ESQ., JAMIE L. SUTPHEN, ESQ.
AND BALDWIN & SUTPHEN, LLP,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (NICOLE MARLOW-JONES OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (LAURENCE F. SOVIK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Onondaga County (James P. Murphy, J.), entered September 26, 2011. The judgment awarded costs and disbursements to defendants.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part, and the third amended complaint, as amplified by plaintiff's response to defendants' interrogatories, is reinstated to the extent that it seeks damages for loss of rent based on legal malpractice and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action seeking damages for the alleged negligence of defendants in failing to determine that a Town of Dewitt zoning ordinance prohibited him from operating an "adult use" business in the building he purchased for that purpose. Zonen, Ltd. (Zonen), the corporation formed by plaintiff to operate the business, has operated a retail establishment in the building, which includes "adult use" inventory, since 2001. Supreme Court granted defendants' motion for summary judgment dismissing the third amended complaint on the ground that plaintiff failed to raise an issue of fact whether he sustained actual and ascertainable damages, an " 'essential element[] of [a] legal malpractice cause of action' " (*Malachowski v Daly*, 87 AD3d 1321, 1321; *see generally Dombrowski v Bulson*, 19 NY3d 347, 350).

As a preliminary matter, we reject plaintiff's contention that he should be permitted to recover damages for personal funds that he alleged were expended through the corporate account on a theory of reverse-

piercing of the corporate veil.  It is well established that "[t]he doctrine of piercing the corporate veil is typically employed by a third party seeking to go behind the corporate existence in order to circumvent the limited liability of the owners and to hold them liable for some underlying corporate obligation" (*Matter of Morris v New York State Dept. of Taxation and Fin.*, 82 NY2d 135, 140-141).  " '[T]he courts are loathe to disregard the corporate form for the benefit of those who have chosen that form to conduct business' " (*Baccash v Sayegh*, 53 AD3d 636, 639), and we conclude that the court properly refused to disregard the corporate form here.

Nevertheless, viewing the submissions of the parties in the light most favorable to plaintiff, as we must (*see Victor Temporary Servs. v Slattery*, 105 AD2d 1115, 1117), we conclude that the court erred in determining that plaintiff failed to raise an issue of fact whether he has sustained damages for loss of rent (*cf. Malachowski*, 87 AD3d at 1323).  We therefore modify the judgment accordingly.  Plaintiff alleges in the third amended complaint, as amplified by his response to defendants' interrogatories, that he is unable to lease a portion of the property to Zonen or any other entity because defendants failed to advise him of zoning ordinances governing parking restrictions.  Plaintiff also averred in his affidavit in opposition to the motion that his efforts to lease the warehouse were prohibited by the Town of Dewitt inasmuch as the property lacks the required number of parking spaces.  Moreover, in response to defendants' interrogatories, plaintiff submitted documentary evidence establishing that he has been damaged by the loss of rent for 2,500 feet at a rate of $3.50 per square foot.

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court