Lahtinen, J.
Appeal from an order of the Supreme Court (Melkonian, J.), entered April 12, 2012 in Ulster County, which, among other things, after a nonjury trial, found in favor of plaintiffs on the issue of the liability of defendant Gateways Organization, Inc. for acts of defendant Steven M. Strimling.
Plaintiffs commenced this action for personal injuries sustained when their vehicle was struck from behind by a vehicle operated by defendant Steven M. Strimling (hereinafter Strimling) and owned by his mother, defendant Phoebe K. Strimling. At the time of the accident, Strimling was running an errand for defendant Gateways Organization, Inc., a not-for-profit corporation that was hosting a religious event for unmarried individuals. In their second amended complaint, plaintiffs asserted, among other things, that Gateways was vicariously liable for the acts of Strimling. Gateways’ motion for summary judgment dismissing the second amended complaint was denied by Supreme Court (Egan Jr., J.).
A nonjury trial ensued on the issue of whether Gateways was vicariously liable for Strimling’s alleged negligence. Supreme Court (Melkonian, J.) rendered a written decision and order in September 2011 dismissing the action as to Gateways upon the ground that there was no employer-employee relationship be *1234 tween Gateways and Strimling. In October 2011, plaintiffs moved pursuant to CPLR 4404 (b) and 2221 to set aside the verdict, as well as to renew and reargue, on the ground that their theory of vicarious liability at trial had not been premised solely upon an employer-employee relationship, but had also included an assertion and proof that even if Strimling was a volunteer, he was acting as an agent of Gateways. Supreme Court granted plaintiffs’ motion, finding that the proof at trial had established “a sufficient degree of direction and control existed over . . . Strimling by Gateways to constitute an agency relationship.”* Gateways appeals.
Gateways argues that plaintiffs’ motion was defective because no new proof was submitted in support of the motion. Initially, we note that a motion to reargue — as distinguished from a motion to renew — does not require new proof and can be premised upon the court overlooking or misapprehending pertinent facts or law (see Loris v S & W Realty Corp., 16 AD3d 729, 730 [2005]). Moreover, since the motion was made following Supreme Court’s decision in a nonjury trial, plaintiffs’ motion— although citing to both CPLR 2221 and 4404 (b) — was, in effect, a motion to set aside a portion of a decision pursuant to CPLR 4404 (b) (see generally Carr-Harris v Carr-Harris, 98 AD3d 548, 551 [2012]), and a motion under that statute is not limited to situations where new evidence is discovered (see CPLR 4404 [b]). Plaintiffs contended in their motion that Supreme Court had misapprehended their theory of liability as being limited to whether there was an employer-employee relationship and failed to fully consider their agency theory of liability. Just as the failure to submit an issue to a jury can constitute an error of law (see e.g. Shinder v Altorki, 309 AD2d 799, 799 [2003]), a court’s decision after a nonjury trial that misapprehends the theory of liability and fails to address a key component thereof can provide a ground for the court to set aside its decision pursuant to CPLR 4404 (b).
We find unpersuasive Gateways’ further contention that plaintiffs had not asserted the principal-agent theory of liability prior to making their motion to set aside the decision. The second amended complaint broadly asserts vicarious liability without limiting it to an allegation of an employer-employee relationship, plaintiffs opening at trial urged liability under respondent superior regardless of whether Strimling was consid *1235 ered an employee or volunteer, and plaintiffs’ posttrial proposed findings of fact and conclusions of law included, among other things, assertions that Strimling was acting as Gateways’ agent in furtherance of Gateways’ interest at the time of the accident.
After exercising our broad authority to independently review the evidence presented in this nonjury trial (see e.g. Halpin v Cheikhet, 90 AD3d 1211, 1212 [2011]), we find no reason to reverse the determination that Strimling was acting as Gateways’ agent at the time of the accident. A principal-agent relationship can include a volunteer when the requisite conditions, including control and acting on another’s behalf, are shown (see Fils-Aime v Ryder TRS, Inc., 40 AD3d 917, 917-918 [2007]; Robinson v Downs, 39 AD3d 1250, 1252 [2007]). Gateways was operating a program where it expected 700 to 800 attendees, who each paid $700 to attend. Strimling’s fee to attend was waived as it had been previously and, with his fee waived, he helped with various tasks that had to be accomplished to run the event. Strimling’s responsibilities included arriving early to help set up, and he was supposed to remain after the event to pack up items for the return trip. Strimling referred to his responsibilities as work and a job, reflecting his understanding of control by Gateways. Although he was not paid directly by Gateways, his $700 fee was waived and one of the individuals from Gateways in charge of the event also gave him $200. There was proof that the accident occurred when an individual who had authorized Strimling’s free attendance realized that two-way radios were needed and Strimling was summoned from his room to go to a store to purchase such items. Strimling was given a Gateways’ credit card and embarked on a trip to a store solely to purchase the requested items for Gateways when the accident occurred. He did so despite the fact that the timing of the request created a significant likelihood that Strimling would be put in the difficult position of traveling at a time of the evening that was prohibited by his religious beliefs. The proof sufficiently supports Supreme Court’s decision.
Rose, J.P., Spain and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

 Although Supreme Court did not specifically state in its decision that it was thus finding Gateways liable for the acts of Strimling, the purpose of the nonjury trial was to resolve the vicarious liability issue, and it is clear that such a holding was the intent of its decision.