■ Eugene F. Mason et al., Appellants, v Village of Newark, Respondent. [972 NYS2d 759]—

Appeal from a judgment and order (one paper) of the Supreme

Court, Wayne County (John J. Ark, J.), entered May 8, 2012. The judgment and order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the judgment and order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint insofar as it alleges that defendant was negligent in the maintenance of the sewer system and as modified the judgment and order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover damages resulting from a blockage of the sewer system that caused sewage to leak into the basement of their home. In their complaint, plaintiffs alleged, inter alia, that defendant was negligent in the design, manufacture and maintenance of the sewer system. Defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion.

We agree with plaintiffs that the court erred in granting that part of the motion with respect to their claim that defendant was negligent in the maintenance of the sewer system. We therefore modify the judgment and order accordingly. We conclude that issues of fact exist whether defendant "received 'notice of a dangerous condition or ha[d] reason to believe that the [sewer] pipes ha[d] shifted or deteriorated and [were] likely to cause injury' " and whether defendant neglected to " 'make reasonable efforts to inspect and repair the defect' " (*Holy Temple First Church of God in Christ v City of Hudson*, 17 AD3d 947, 947-948 [2005], quoting *De Witt Props. v City of New York*, 44 NY2d 417, 424 [1978]; *cf. Azizi v Village of Croton-on-Hudson*, 79 AD3d 953, 955 [2010]). The record establishes that plaintiffs made numerous complaints to defendant for many years prior to the incident at issue and that defendant did not consistently keep written records of the complaints it received with respect to the sewer lines. Finally, we note that plaintiffs have abandoned all other claims of negligence alleged in the complaint, as amplified by the bill of particulars (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]; *see generally Malachowski v Daly*, 87 AD3d 1321, 1323 [2011]). Present—Scudder, P.J., Peradotto, Carni, Valentino and Whalen, JJ.