# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**856**

**CA 13-00357**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

EUGENE F. MASON AND PATRICIA ANN MASON,
PLAINTIFFS-APPELLANTS,

V                                                      MEMORANDUM AND ORDER

VILLAGE OF NEWARK, DEFENDANT-RESPONDENT.

---

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

PETRONE & PETRONE, P.C., UTICA, CONGDON, FLAHERTY, O'CALLAGHAN, REID,
DONLON, TRAVIS & FISHLINGER, UNIONDALE (GREGORY A. CASCINO OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme
Court, Wayne County (John J. Ark, J.), entered May 8, 2012. The
judgment and order granted the motion of defendant for summary
judgment dismissing the complaint.

It is hereby ORDERED that the judgment and order so appealed from
is unanimously modified on the law by denying the motion in part and
reinstating the complaint insofar as it alleges that defendant was
negligent in the maintenance of the sewer system and as modified the
judgment and order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover
damages resulting from a blockage of the sewer system that caused
sewage to leak into the basement of their home. In their complaint,
plaintiffs alleged, inter alia, that defendant was negligent in the
design, manufacture and maintenance of the sewer system. Defendant
moved for summary judgment dismissing the complaint, and Supreme Court
granted the motion.

We agree with plaintiffs that the court erred in granting that
part of the motion with respect to their claim that defendant was
negligent in the maintenance of the sewer system. We therefore modify
the judgment and order accordingly. We conclude that issues of fact
exist whether defendant "received 'notice of a dangerous condition or
ha[d] reason to believe that the [sewer] pipes ha[d] shifted or
deteriorated and [were] likely to cause injury' " and whether
defendant neglected to " 'make reasonable efforts to inspect and
repair the defect' " (*Holy Temple First Church of God in Christ v City
of Hudson*, 17 AD3d 947, 947-948, quoting *De Witt Props. v City of New
York*, 44 NY2d 417, 424; *cf. Azizi v Village of Croton-on-Hudson*, 79

AD3d 953, 955).  The record establishes that plaintiffs made numerous complaints to defendant for many years prior to the incident at issue and that defendant did not consistently keep written records of the complaints it received with respect to the sewer lines.  Finally, we note that plaintiffs have abandoned all other claims of negligence alleged in the complaint, as amplified by the bill of particulars (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984; *see generally Malachowski v Daly*, 87 AD3d 1321, 1323).

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court