Rozmus v Wesleyan Church of Hamburg (2018 NY Slip Op 03261)





Rozmus v Wesleyan Church of Hamburg


2018 NY Slip Op 03261


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND TROUTMAN, JJ.


447 CA 17-01439

[*1]APRIL M. ROZMUS, PLAINTIFF-APPELLANT,
v
WESLEYAN CHURCH OF HAMBURG, XERTION YOUTH, INC., AND NORTHGATE CHRISTIAN COMMUNITY, DEFENDANTS-RESPONDENTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARTH SULLIVAN BEHR, BUFFALO (DANIEL K. CARTWRIGHT OF COUNSEL), FOR DEFENDANT-RESPONDENT WESLEYAN CHURCH OF HAMBURG. 
MURA & STORM, PLLC, BUFFALO (SCOTT D. STORM OF COUNSEL), FOR DEFENDANT-RESPONDENT XERTION YOUTH, INC. 
CLAUDIA P. LOVAS, GARDEN CITY (STEVEN PEIPER OF COUNSEL), FOR DEFENDANT-RESPONDENT NORTHGATE CHRISTIAN COMMUNITY.


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered November 22, 2016. The order granted the respective motions and cross motion of defendants for summary judgment dismissing the second amended complaint and cross claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motions and cross motion are denied and the second amended complaint and the cross claims are reinstated against defendants.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when a ladder struck her head as she exited the side door of a residence that was being painted as part of a neighborhood rehabilitation project. Plaintiff alleged in the second amended complaint (complaint) that defendants organized, directed, managed and supervised a group of volunteers who participated in the rehabilitation project. Plaintiff further alleged that defendants were negligent, inter alia, in failing to direct and supervise the volunteers properly, particularly with respect to the movement, placement and handling of ladders.
Supreme Court erred in granting defendants' respective motions and cross motion seeking summary judgment dismissing the complaint and cross claims against them. "Under the doctrine of respondeat superior, a principal is liable for the negligent acts committed by its agent within the scope of the agency" (Fils-Aime v Ryder TRS, Inc., 40 AD3d 917, 917-918 [2d Dept 2007]), and "[a] principal-agent relationship can include a volunteer when the requisite conditions, including control and acting on another's behalf, are shown" (Paterno v Strimling, 107 AD3d 1233, 1235 [3d Dept 2013]; see Restatement [Second] of Agency § 225). Here, defendants each failed to establish as a matter of law that the volunteers at the residence where plaintiff was injured may not be considered their servants for purposes of respondeat superior liability (see Robinson v Downs, 39 AD3d 1250, 1252 [4th Dept 2007]), or that the duty to ensure that the work was performed safely may not fairly be imposed upon them (see generally Davis v South Nassau Communities Hosp., 26 NY3d 563, 572 [2015]).
In addition, defendants cannot meet their burden on their respective summary judgment motions and cross motion based upon plaintiff's failure to identify the volunteer(s) who caused [*2]the ladder to strike her (see Lyons v Schenectady Intl., 299 AD2d 906, 906 [4th Dept 2002]). "[I]n seeking summary judgment, [a] moving party must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof' " (Paternostro v Advance Sanitation, Inc., 126 AD3d 1376, 1377 [4th Dept 2015]). Defendants' failure to meet their burden requires denial of the motions and cross motion, "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Finally, we reject the contentions of defendant Xertion Youth, Inc. (Xertion) that it is entitled to summary judgment dismissing the complaint against it on the ground that it is protected from liability by both the Volunteer Protection Act (42 USC § 14501 et seq.) and Not-for-Profit Corporation Law § 720-a. Neither statute extends such protection from liability to corporate entities (see 42 USC § 14503 [c]; Not-for-Profit Corporation Law § 720-a). Nor is Xertion entitled to protection from liability on the ground that its principal participated in the rehabilitation project as an individual, without compensation, and the statutes protect him as a volunteer or an uncompensated officer of Xertion. There is conflicting evidence whether the principal received compensation from Xertion, and, in any event, "courts are loathe to disregard the corporate form for the benefit of those who have chosen that form to conduct business" (Hotaling v Sprock [appeal No. 2], 107 AD3d 1446, 1447 [4th Dept 2013] [internal quotation marks omitted]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court