Northacker v County of Ulster (2022 NY Slip Op 07285)

Northacker v County of Ulster

2022 NY Slip Op 07285

Decided on December 22, 2022

Appellate Division, Third Department

Egan Jr., J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

534474

[*1]Joyce A. Northacker, Respondent,
v
County of Ulster et al., Appellants. (And Another Related Action.)

Calendar Date:November 16, 2022

Before: Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Cook, Netter, Cloonan, Kurtz & Murphy, PC, Kingston (Eric M. Kurtz of counsel), for County of Ulster, appellant.
Hancock Estabrook, LLP, Syracuse (Seth M. Weinberg of Mauro Lilling Naparty LLP, Woodbury, of counsel), for Jewish Family Services of Ulster County, Inc., appellant.
The Finkelstein Law Firm, LLC, Goshen (Steven A. Kimmel of Law Offices of Steven A. Kimmel, Washingtonville, of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the Supreme Court (James P. Gilpatric, J.), entered November 4, 2021 in Ulster County, which, among other things, partially granted plaintiff's motion for summary judgment.
A fuller description of the underlying facts is provided in our decision in a related matter (see Bryant v Gulnick, ___ AD3d ___ [3d Dept 2022] [decided herewith]). Briefly, defendant County of Ulster collaborated with defendant Jewish Family Services of Ulster County, Inc. (hereinafter JFS) to operate a Neighbor to Neighbor program in which volunteers were connected with senior citizens who needed transportation to and from medical appointments. Plaintiff requested that transportation and, on January 8, 2018, was being driven by Barbara Hyde. Hyde lost control of her vehicle in poor weather, and it slid into oncoming traffic, where it was struck by a public bus driven by defendant Carla F. Bryant in the course of her employment with the County. Hyde was fatally injured in the accident, while plaintiff and Bryant sustained injuries. Plaintiff commenced these actions to recover for her injuries. The first was commenced in February 2019 and, as amended, asserts claims against the County, JFS and Bryant. The second was commenced in April 2019 against defendant Burton Gulnick Jr., the administrator of Hyde's estate.
During the same period in 2019, Bryant sought leave to serve a late notice of claim against the County and its Office for the Aging (hereinafter OFA) to recover for the injuries she allegedly sustained in the accident. Supreme Court (Fisher, J.) issued an order that granted leave to do so, but also dismissed the claim because Bryant's exclusive remedy was workers' compensation benefits in that she and Hyde were coemployees of the County acting within the scope of their employment at the time of the accident (hereinafter the 2019 order). Bryant further commenced a separate action against Gulnick and JFS that is the subject of the related appeal before us.[FN1]
Defendants answered in these two actions, with the County asserting cross claims against JFS for contribution and/or indemnification and JFS asserting a cross claim against the County and Bryant (hereinafter the County defendants) for contribution and/or indemnification. Following joinder of issue and discovery, plaintiff moved for partial summary judgment against defendants on the issue of liability. The County defendants cross-moved for summary judgment dismissing the complaint and cross claims against them. JFS, in turn, cross-moved for summary judgment dismissing the complaint and the cross claims against it. Supreme Court (Gilpatric, J.) thereafter issued an order in which it determined that plaintiff was entitled to summary judgment on the issue of liability with regard to the County, JFS and Gulnick, but not Bryant. The court denied both cross motions in their entirety. The County defendants and JFS separately appeal, and this Court granted the motion of JFS for a stay pending appeal [*2](2022 NY Slip Op 67633 [U] [3d Dept 2022]).[FN2]
Initially, because plaintiff was not employed by either the County or JFS and was simply a passenger in Hyde's vehicle, the workers' compensation concerns present in Bryant v Gulnick (supra) pose no obstacle to her recovering against defendants. We therefore turn our attention to the arguments of the County defendants and JFS as to whether Supreme Court properly granted plaintiff's motion for summary judgment to the extent of deeming the County and JFS vicariously liable for Hyde's negligence.[FN3] The question in that regard is whether Hyde could "be considered [the County's or JFS'] servant for purposes of respondeat superior liability" (Robinson v Downs, 39 AD3d 1250, 1252 [4th Dept 2007]; see Paterno v Strimling, 107 AD3d 1233, 1235 [3d Dept 2013]; Restatement [Second] of Agency § 225); "[a] principal-agent relationship can include a volunteer when the requisite conditions, including control and acting on another's behalf, are shown" (Paterno v Strimling, 107 AD3d at 1235; see Robinson v Downs, 39 AD3d at 1252; Maurillo v Park Slope U-Haul, 194 AD2d 142, 146 [2nd Dept 1993]). There is no doubt that Hyde was performing duties in the course of her volunteer work at the time of the accident, leaving the issue of whether she was undertaking those duties on behalf, and subject to the control, of the County or JFS. Notably, "the question of control is generally a question of fact," and summary judgment is appropriate only "where the evidence in the record is undisputed" (Mason v Spendiff, 238 AD2d 780, 781 [3d Dept 1997]).
With regard to the County, Supreme Court determined that the County could not dispute that Hyde was its agent because the 2019 order had already determined that Hyde was its employee. Assuming, without deciding, that the County is correct in arguing that the 2019 order was not entitled to res judicata or collateral estoppel effect as against it, the equitable remedy of judicial estoppel "provides that where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, it may not thereafter, simply because its interests have changed, assume a contrary position" (Walker v GlaxoSmithKline, LLC, 201 AD3d 1272, 1275 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]; see Maas v Cornell Univ., 253 AD2d 1, 5 [3d Dept 1999], affd 94 NY2d 87 [1999]). Judicial estoppel applies here since, as we explained in Bryant v Gulnick (supra), the 2019 order dismissing Bryant's claim was premised upon the argument of the County and OFA that Bryant and Hyde were employees of the County and acting within the scope of their duties at the time of the accident. Having successfully taken that position, the County is barred from taking the opposite one in an effort to escape liability here, and Supreme Court properly rejected its efforts to do so (see Walker v GlaxoSmithKline, LLC, 201 AD3d at 1275-1276; Excelsior Ins. Co. v Antretter Contr. Corp., 262 AD2d [*3]124, 124, 128 [1st Dept 1999]). Accordingly, Supreme Court properly granted plaintiff's motion insofar as it sought to hold the County vicariously liable for the negligence of Hyde.
As for Supreme Court's further determination that JFS was vicariously liable for Hyde's negligence, although the County had already been determined to be Hyde's employer, JFS could also be held liable for her conduct in that "[a] person may be deemed to have more than one employer" or to have acted on behalf of multiple principals (Graziano v 110 Sand Co., 50 AD3d 635, 636 [2d Dept 2008]; see Restatement [Second] of Agency §§ 3.14, 3.16). The Neighbor to Neighbor program under which Hyde transported plaintiff was operated under the terms of a written agreement between OFA and JFS, and those terms provided that drivers would be volunteering for JFS and subject to significant supervision and control by it. JFS agreed, for example, to develop minimum qualifications for volunteers; verify that each volunteer had a valid driver's license and a clean driving record; ensure that volunteers maintained insurance coverage; provide all necessary training and counseling for volunteers; and both track the performance of volunteers and address complaints about that performance.
Other evidence cast doubt on whether JFS exercised that agreed-upon supervision and control, as the executive director of JFS essentially testified that OFA ran the Neighbor to Neighbor program despite the terms of the agreement and that JFS's role was limited to administrative tasks such as billing, carrying liability insurance and cutting reimbursement checks to volunteers. That said, the OFA employee who administered the agency's senior volunteer programs gave deposition testimony indicating that JFS was responsible for operating the program and overseeing volunteers, with OFA providing assistance to JFS in performing those duties. The record, in other words, is simply unclear as to how much control JFS had or exercised over volunteers. Accordingly, as "questions of fact exist as to whether [Hyde] was acting as [JFS'] agent when the accident occurred," no party was entitled to summary judgment on the issue of JFS' liability for Hyde's conduct (Fils-Aime v Ryder TRS, Inc., 40 AD3d 917, 917-918 [2d Dept 2007]; see Paterno v Strimling, 107 AD3d at 1235; Robinson v Downs, 39 AD3d at 1251-1252). It follows that Supreme Court properly denied the cross motion of JFS insofar as it sought summary judgment dismissing the complaint, but should have also denied that part of plaintiff's motion seeking summary judgment against JFS on the issue of liability.
Next, we agree with the County defendants that Supreme Court should have granted their cross motion to the extent that it sought summary judgment dismissing plaintiff's claim against Bryant. As noted above, Hyde lost control of her vehicle in wintry weather and skidded into the opposite lane of traffic, where she was struck by the bus driven by Bryant. A driver [*4]will not be held liable where "he or she was faced with an emergency situation not of his or her own making and responded in a manner that was 'reasonable and prudent in the emergency context'" (Cahoon v Frechette, 86 AD3d 774, 775 [3d Dept 2011], quoting Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]; see Caristo v Sanzone, 96 NY2d 172, 174 [2001]), and such a situation arises "when a car going in the opposite direction crosses into the driver's lane" (Burnell v Huneau, 1 AD3d 758, 760 [3d Dept 2003] [citations omitted]; see Cancellaro v Shults, 68 AD3d 1234, 1236 [3d Dept 2009], lv denied 14 NY3d 706 [2010]; Lamey v County of Cortland, 285 AD2d 885, 886 [3d Dept 2001]). Although whether the driver reasonably reacted to the situation generally presents a question of fact for the jury, summary judgment is warranted "when the driver presents sufficient evidence to establish the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact on the issue" (Smith v Brennan, 245 AD2d 596, 597 [3d Dept 1997]; accord Lamey v County of Cortland, 285 AD2d at 886; see Cahoon v Frechette, 86 AD3d 775).
Here, Bryant stated in her affidavit and deposition testimony that a mixture of snow and ice was falling in the leadup to the accident and that, although the road was coated in snow, she was still able to see the center line and fog lines. Bryant added that she was travelling two to five miles below the speed limit and was comfortable driving the bus in the weather conditions. As for the accident itself, Bryant stated that Hyde's vehicle entered her lane about 1½ car lengths in front of the bus and that she had a second to react before striking it, as well as that she had "nowhere to go" to evade Hyde's vehicle and that she lightly applied her brakes in an effort to slow down without losing control of the bus. Plaintiff had no recollection of the accident, and nothing else in the record, including the police accident report, contradicted Bryant's version of events. Bryant accordingly established that she reacted reasonably when Hyde's vehicle entered her lane of traffic, and plaintiff's speculation that Bryant might have been able to avoid the collision had she been driving even further below the speed limit or taken other evasive action despite having "at most, a few seconds to react," did not raise a question of fact (Dearden v Tompkins County, 6 AD3d 783, 785 [3d Dept 2004]; see Burnell v Huneau, 1 AD3d at 761). As a result, Supreme Court should have granted the County defendants' cross motion for summary judgment to the extent that it sought dismissal of the complaint as against Bryant.
Finally, we reject JFS' argument that it was entitled to summary judgment dismissing the County's cross claims for contractual and common-law indemnification. The agreement between JFS and the County governing the operation of the Neighbor to Neighbor program required JFS to indemnify the County[*5]"against all claims, losses, damages, liabilities, costs or expenses . . . arising out of the [s]ervices performed by [JFS], its employees, representatives, subcontractors, assignees, or agents," including those arising out of claims connected to the negligence of JFS, its employees and/or agents.[FN4] JFS was accordingly contractually obliged to indemnify the County for the negligent performance of services by its agents under the agreement. Moreover, the County would be entitled to common-law indemnification from JFS if the County were "vicariously liable [for Hyde's negligence] without proof of any negligence or actual supervision on its own part" and JFS "exercise[d] actual supervision" over Hyde (McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]; see O'Toole v Marist Coll., 206 AD3d 1106, 1111 [3d Dept 2022]). As noted above, the record reveals significant factual disputes over not only the degree to which JFS actually provided services under the agreement, but also whether it exercised sufficient control over Hyde to render her its agent. Thus, Supreme Court properly determined that the County was not entitled to summary judgment upon its cross claims against JFS for indemnification (see O'Brien v Key Bank, 223 AD2d 830, 831-832 [3d Dept 1996]; Schieve v International Bus. Machs. Corp., 157 AD2d 924, 925 [3d Dept 1990]).
To the extent that they are not addressed above, the remaining arguments of the County defendants and JFS have been examined and found to be unavailing.
Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted that part of plaintiff's motion for partial summary judgment as to the liability of defendant Jewish Family Services of Ulster County, Inc. and (2) denied that part of the cross motion of defendants County of Ulster and Carla F. Bryant for summary judgment dismissing the complaint against defendant Carla F. Bryant; motion denied to that extent, cross motion granted to that extent and complaint dismissed against defendant Carla F. Bryant; and, as so modified, affirmed.

Footnotes

Footnote 1: We take judicial notice that an order was entered in April 2022 that granted Bryant's motion to consolidate, for the purposes of trial, her action with those commenced by plaintiff.

Footnote 2: Although the County defendants both claim to be appealing, their notice of appeal only names the County as an appellant. In the absence of any objection or showing that the other parties will be prejudiced by that defect, we disregard it and treat the appeal as having been taken by both (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605, 606 [2004]; Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor, 46 AD3d 1147, 1148 n 2 [3d Dept 2007], lvs denied 10 NY3d 708 [2008]).

Footnote 3: Plaintiff came forward with proof that Hyde "crosse[d] a double yellow line into an oncoming lane of traffic in violation of the Vehicle and Traffic Law and" struck the bus operated by Bryant and, in so doing, made out a prima facie case of Hyde's negligence (Fillette v Lundberg, 150 AD3d 1574, 1575 [3d Dept 2017]). Supreme Court determined that Gulnick did not raise a material question of fact in response to that showing and, upon these appeals, there is no dispute that Hyde was negligent.

Footnote 4: Although the County defendants attempt to conflate the two, it is well settled that "[a]n agreement to procure insurance is not an agreement to indemnify or hold harmless" (Kinney v Lisk Co., 76 NY2d 215, 218 [1990]; see Roblee v Corning Comm. Coll., 134 AD2d 803, 804 [3d Dept 1987], lv denied 72 NY2d 803 [1988]). It is far from clear that JFS breached its separate commitment under the agreement to procure liability insurance coverage naming the County as an additional insured. Even assuming that it did, however, that failure would give rise to a claim for breach of contract and would not entitle the County to indemnification (see e.g. Kinney v Lisk Co., 76 NY2d at 219; Mathew v Crow Constr. Co., 220 AD2d 490, 491-492 [2d Dept 1995]).