■ ROBERTO LIPSZTEIN, M.D., et al., Appellants-Respondents, v CARMEL DONOVAN, M.D., et al., Respondents-Appellants. [734 NYS2d 130] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about October 6, 2000, which, after a nonjury trial, *inter alia*, found that the parties' letter of intent was not a binding partnership agreement, unanimously affirmed, without costs. Order, same court and Justice, entered June 26, 2001, which, *inter alia*, granted plaintiffs' posttrial motion pursuant to CPLR 4404 (b) insofar as to deny defendants certain previously awarded setoffs for consultations conducted by plaintiffs at defendants' facility but billed through plaintiffs' Queens facility, unanimously modified, on the law, to

the extent of reinstating such setoffs as determined in the aforesaid October 6, 2000 order, and otherwise affirmed, without costs.

The trial court correctly determined, based upon the totality of the circumstances (see, *Lehrer McGovern Bovis v New York Yankees*, 207 AD2d 256, 259), including the conduct of the parties after the document was executed (see, *Federal Ins. Co. v Americas Ins. Co.*, 258 AD2d 39, 44), that the parties' letter of intent did not create a binding partnership agreement. While the letter stated that it was intended to be binding, it was ambiguous in that it also referred to a partnership relationship being created in the future and stated that the transaction was "predicated upon" and "subject to" a certain contingency that, ultimately, did not occur. Plaintiffs' own correspondence supported the trial court's conclusion that the open terms were central to the proposed agreement, and that, particularly in light of the long duration of the contemplated relationship, the letter of intent lacked the requisite definiteness. Moreover, the court aptly noted that plaintiffs had failed to make any capital contribution to the claimed partnership and did not exercise control.

Plaintiffs' argument to the effect that the trial court erred by deviating from the law of the case, which they contend was established by another Justice's ruling granting them a preliminary injunction, is unavailing on appeal since this Court is not bound by the law of the case as generated in trial-level rulings (see, *Jamaica Pub. Serv. Co. v Compagnie Transcontinentale De Reassurance*, 282 AD2d 227), and, in any case, the trial court correctly ruled that it was not bound by the earlier temporary injunction ruling.

The trial court properly granted defendants a setoff from plaintiffs' quantum meruit award, not based upon the unenforceable letter, but to prevent unjust enrichment. However, the court should have granted defendants a further setoff, based upon the same principle, for consultation fees with respect to patients plaintiffs saw at defendants' facility that were billed by plaintiffs to their Queens facility.

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Ellerin, Wallach and Marlow, JJ.