■ Nancy Douglas, Respondent, v Paul Dashevsky, Appellant. [880 NYS2d 667]—

In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated April 21, 2008, which denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

The plaintiff retained the defendant to represent her in a claim against her former employer for wrongfully discharging her as a result of a medical condition. The plaintiff contends that the defendant advised her not to file a claim with her employer's disability carrier and as a result she was denied disability benefits for not filing a timely claim. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The defendant maintained that the plaintiff retained him solely for the purposes of obtaining a damage award on the wrongful termination claim and restoring her to her prior position. The defendant argues that the plaintiff's claim that she was disabled at the time and entitled to benefits contradicts the representations that the plaintiff made to him and alleged in her termination action that she was capable of performing her job.

To demonstrate entitlement to dismissal of a complaint pursuant to CPLR 3211 (a) (1), the documentary evidence submitted must conclusively establish a defense to the asserted claims, as a matter of law (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Williams v Williams,* 36 AD3d 693, 695 [2007]; *New York Community Bank v Snug Harbor Sq. Venture,* 299 AD2d 329, 330 [2002]). Here, the retainer agreements submitted by the defendant do not establish, as a matter of law, that the defendant's obligation was to advise the plaintiff solely with respect to her wrongful termination action against her employer. The one page of the disability carrier's policy along with the complaint from the action alleging wrongful termination fails to conclusively establish that the plaintiff would not otherwise have been entitled to receive benefits under the policy, had she filed a timely claim.

Further, "in reviewing a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (*Kupersmith v Winged Foot Golf Club, Inc.,* 38 AD3d 847, 848 [2007]; *see Leon v Martinez,* 84 NY2d at 87-88; *Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester,* 282 AD2d 561, 562 [2001]). Here, the plaintiff has pleaded sufficient facts to fit within a theory of legal malpractice.

The action is not barred by the doctrine of judicial estoppel since the plaintiff's action predicated upon wrongful termination was settled and did not result in a judgment (*see Kimco of*

*N.Y. v Devon,* 163 AD2d 573, 575 [1990]). Skelos, J.P., Fisher, Florio and Leventhal, JJ., concur.