■ ALAN FINKEL, Respondent, v ARNOLD FIRESTONE, Appellant, et al., Defendants. [958 NYS2d 435]—

In an action, inter alia, to recover damages for breach of contract, in which the defendant Arnold Firestone counterclaimed for, among other things, a judgment declaring his rights and obligations, and those of the plaintiff and the defendant Firestone & Finkel, LLP, pursuant to an alleged oral partnership agreement, and cross-claimed against the defendant Firestone & Finkel, LLP, for, inter alia, a judgment, in effect, declaring that the defendant Firestone & Finkel, LLP, breached that oral partnership agreement, the defendant Arnold Firestone appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 6, 2011, which granted the plaintiff's motion for summary judgment dismissing his second counterclaim, and for summary judgment, in effect, declaring, in connection with his third, fourth, and fifth counterclaims, and the first cross claim asserted by him against the defendant Firestone & Finkel, LLP, among other things, that there is no oral partnership agreement between the parties.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that there is no oral partnership agreement between the parties.

The plaintiff commenced this action against, among others, his former law partner, Arnold Firestone, and Firestone &

Finkel, LLP (hereinafter F&F), the limited liability partnership that the plaintiff and Firestone had established. The complaint asserted three causes of action. The first cause of action was to recover damages for breach of contract, the second cause of action was for an accounting of F&F, and the third cause of action was to recover damages for unjust enrichment. Firestone asserted five counterclaims against the plaintiff. As relevant to the instant appeal, the second counterclaim sought to recover the value of certain billable hours allegedly owed by the plaintiff to F&F, the third counterclaim sought a judgment declaring the rights and obligations of the plaintiff, Firestone, and F&F under the terms of an alleged oral partnership agreement, the fourth counterclaim sought a judgment declaring that the plaintiff breached the terms of the oral partnership agreement, and the fifth counterclaim sought a judgment declaring that, as a consequence of the plaintiff's breach of that agreement, the plaintiff is not entitled to an accounting. As relevant to this appeal, Firestone's first cross-claim against F&F was, in effect, for a judgment declaring that F&F breached the oral partnership agreement and that, as a consequence, the plaintiff was barred from seeking equitable relief by virtue of the doctrine of unclean hands. In an order dated March 12, 2009, the Supreme Court, inter alia, granted those branches of Firestone's motion which were to dismiss the first and third causes of action on the ground that the final accounting of F&F had yet to be conducted, and, thus, those causes of action had been prematurely interposed.

The plaintiff thereafter moved for summary judgment dismissing Firestone's second counterclaim and, in effect, declaring, in connection with Firestone's third, fourth, and fifth counterclaims, and the first cross claim asserted by Firestone against F&F, among other things, that there is no oral partnership agreement between the parties. The Supreme Court, in an order dated July 6, 2011, granted the plaintiff's motion, and Firestone appeals.

Contrary to the Supreme Court's conclusion, the doctrine of judicial estoppel is inapplicable, as the Supreme Court, in granting those branches of Firestone's prior motion which were to dismiss the first and third causes of action, did not adopt or approve of Firestone's contention that there was no oral partnership agreement between the parties (*see Zedner v United States*, 547 US 489, 504 [2006]; *Bono v Cucinella*, 298 AD2d 483, 484 [2002]; *Meyers v Geller*, 194 AD2d 595 [1993]). Instead, the Supreme Court directed the dismissal of those causes of action on the ground that they were premature.

Nevertheless, alternatively (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]), the plaintiff demonstrated, prima facie, that no oral partnership agreement was ever reached between the parties with respect to the number of billable hours required of the plaintiff. In addition to submitting his own deposition testimony, in which he asserted that no oral partnership agreement was ever entered into between the parties, the plaintiff also submitted, inter alia, a memo drafted by Firestone listing 15 outstanding issues between the parties as to the terms of the partnership, including the amount of time the plaintiff would devote to the partnership. In opposition to this prima facie showing, Firestone failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Wallkill Med. Dev., LLC v Sweet Constructors, LLC*, 56 AD3d 764, 766 [2008]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment dismissing Firestone's second counterclaim, and, in effect, declaring, in connection with Firestone's third, fourth, and fifth counterclaims, and the first cross claim asserted by Firestone against F&F, among other things, that there is no oral partnership agreement between the parties.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that there is no oral partnership agreement between the parties (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Balkin, Chambers and Miller, JJ., concur.