Orders, Supreme Court, New York County (Barbara Jaffe, J.), *520 entered September 8, 2011, which, in these consolidated personal injury actions, denied plaintiffs’ motions for summary judgment as to liability, unanimously affirmed, without costs.
Plaintiffs failed to make a prima facie showing of entitlement to partial summary judgment as a matter of law. The non-prosecution agreement entered into between the New York County District Attorney’s Office (NYDA) and the Bovis defendants (Bovis) following NYDA’s criminal investigation of the August 18, 2007 fire at the Deutsche Building in lower Manhattan, was correctly deemed inadmissible as proof of liability. The agreement explicitly provided that Bovis had not admitted liability, that the factual statements contained in the agreement were relevant only for the purposes of the compromise between the NYDA and Bovis, and that Bovis could contradict and/or contest any factual statement in the agreement in a subsequent action or proceeding to which the NYDA was not a party (see e.g. Kollmer v Slater Elec., 122 AD2d 117, 120 [2d Dept 1986]).
Judicial estoppel, and even informal judicial estoppel, cannot be applied here. Bovis was not a party to a legal proceeding when it entered into the non-prosecution agreement (see generally Ferring v Merrill Lynch & Co., 244 AD2d 204 [1st Dept 1997]), and the agreement and related documents amount to a pre-indictment settlement agreement that was neither judicially endorsed nor approved (see Douglas v Dashevsky, 62 AD3d 937, 938 [2d Dept 2009]; Matter of Costantino, 67 AD3d 1412, 1413 [4th Dept 2009]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Clark, JJ. [Prior Case History: 2011 NY Slip Op 32087(11).]