■ Anonymous, Appellant, v Anonymous, Respondent. [66 NYS3d 235]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered February 9, 2017, which, to the extent appealed from as limited by the briefs, granted defendant wife's application for a declaratory judgment that she is entitled to retain as her separate property the insurance proceeds issued to replace the loss of her separate property jewelry, and directed plaintiff husband to cooperate so that such proceeds are paid directly to the wife, unanimously affirmed, without costs.

The motion court properly determined that the wife was entitled to the insurance proceeds paid to the parties by joint check, notwithstanding that the claim was filed under a joint insurance policy. The proceeds were indisputably to compensate her for the loss of her separate property, as defined by the parties' prenuptial agreement. Contrary to the husband's contention, the wife was not judicially estopped from asserting a separate property claim on the insurance proceeds check based on her position during a prior motion sequence that joint tax refund checks were joint property under the parties' prenuptial agreement. The judicial estoppel doctrine "precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (*Dhamoon v 230 Park S. Apts., Inc.*, 48 AD3d 103, 112 [1st Dept 2007]; *see also Maas v Cornell Univ.*, 253 AD2d 1, 5 [3d Dept 1999], *affd* 94 NY2d 87 [1999]). Judicial estoppel does not apply where, as here, the prior action does not result in a judgment (*see Douglas v Dashevsky*, 62 AD3d 937, 938 [2d Dept 2009]). The prior tax refund order only determined that the husband did not demonstrate, as a matter of law, that tax refund checks issued in both parties' names in connection with jointly filed tax returns were not martial property because the husband had paid the taxes. The court determined that there were issues of fact, and reserved decision on, whether the wife knowingly signed the checks over to the husband, allowing him to deposit the joint tax refunds into his separate account, or he did so without her knowledge.

Regarding the husband's further argument that the motion

court abused its discretion by disregarding the "law of the case," the doctrine has no binding force on appeal (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Lipsztein v Donovan*, 289 AD2d 51, 52 [1st Dept 2001]). The court properly determined that the wife is entitled to retain the insurance proceeds received for missing jewelry as her separate property because it is in accordance with the intent and reasonable expectations of the parties. The prenuptial agreement expressly provided that any jewelry gifted by the husband to the wife constitutes the wife's separate property and not marital property (*see e.g. Macy's Inc. v Martha Stewart Living Omnimedia, Inc.*, 127 AD3d 48, 54 [1st Dept 2015]; *Strong v Dubin*, 75 AD3d 66, 68 [1st Dept 2010]). Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.