MacArthur Props. I, LLC v Galbraith (2020 NY Slip Op 02539)





MacArthur Props. I, LLC v Galbraith


2020 NY Slip Op 02539


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


651504/18 11426 11425

[*1]MacArthur Properties I, LLC, Plaintiff-Appellant,
v
Christina Galbraith, et al., Defendants-Respondents.


The Tzanides Law Firm, PLLC, New York (Kirk P. Tzanides of counsel), for appellant.
Smith, Gambrell & Russell, LLP, New York (John Van Der Tuin of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about July 13, 2018, which, to the extent appealed from as limited by the briefs, granted in part defendants' pre-answer motion to dismiss the complaint, and order (same court and Justice), entered on or about March 18, 2019, which, to the extent appealed from as limited by the briefs, granted in part defendants' motion to dismiss the first amended complaint, unanimously affirmed, without costs.
The motion court properly dismissed plaintiff's claims relating to the prospective change to the allocation of common charges based on plaintiff's percent of the common interest, beginning with the 2017 budget, as flatly contradicted by the condominium's governing documents and RPL § 339-m (CPLR 3211[a][1]). As defendants assert, estoppel cannot "operate to relieve one from the mandatory operation of a statute" (Matter of Scheurer v New York City Employees' Retirement Sys., 223 AD2d 379 [1st Dept 1996]) such as RPL § 339-m, nor can a party use the doctrine of waiver "to frustrate the reasonable expectations of the parties embodied in a [contract] when they have expressly agreed otherwise" (Jefpaul Garage Corp. v Presbyt. Hosp. in City of N.Y., 61 NY2d 442, 446 [1984]).
Plaintiff's assertion that defendants' position in the parties' 1998 Supreme Court action should control is unavailing. Although plaintiff maintains that defendants asserted in that case that the condominium building contained a single residential unit comprised of 142 apartments, a commercial unit, and a professional unit, the declaration states that the building contains 144 units, not three. Plaintiff also did not provide an instance in which the three-unit theory was successfully employed in securing a judgment in defendants' favor, as judicial estoppel requires (see Anonymous v Anonymous, 156 AD3d 412 [1st Dept 2017]). Thus, the areas or services that benefit the 142 residential units would not constitute "limited common elements," defined in the declaration and bylaws as "portions of the Common Elements that are for the use of one Unit to the exclusion of all other Units." Even so, plaintiff's contention that it should not have to pay for expenses that it does not use is contradicted by article V, section 4 of the bylaws, which provides that no unit owner "may exempt himself from liability for his Common Charges by waiver of the [*2]use or enjoyment of any of the Common Elements." Accordingly, the motion court properly dismissed the causes of action relating to the prospective application of the apportionment of common expenses by percent interest.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK