12 New St., LLC v National Wine & Spirits, Inc. (2021 NY Slip Op 04267)





12 New St., LLC v National Wine & Spirits, Inc.


2021 NY Slip Op 04267


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

531043
[*1]12 New Street, LLC, Appellant,
v
National Wine & Spirits, Inc., et al., Respondents.

Calendar Date:June 2, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Law Office of Steven D. Greenblatt, PLLC, Saratoga Springs (Steven D. Greenblatt of counsel), for appellant.
Dayter Volkheimer, LLP, New Baltimore (Stephen H. Volkheimer of counsel), for respondents.



Colangelo, J.
Appeal from an order of the Supreme Court (Catena, J.), entered January 10, 2020 in Montgomery County, which, among other things, granted defendants' motion to dismiss certain causes of action in the amended complaint.
Plaintiff owns commercial real property in Montgomery County to which it had acquired title in December 2014 by a referee's deed. Prior to that time, a nonparty, Opflex Technologies, LLC, had entered the property and taken ownership of certain collateral of a prior occupant, including equipment used in the manufacture of bun foam products.[FN1] In January 2015, shortly after it acquired title to the property, plaintiff brought an eviction proceeding (hereinafter the eviction proceeding) to dispossess Opflex. Plaintiff was successful and a warrant of eviction was obtained in February 2015. Moreover, when Opflex sought to appeal, plaintiff successfully obtained an order requiring Opflex to post a $90,000 undertaking, arguing that Opflex "operates . . . a highly profitable, 51-person foam manufacturing business on the [p]remises" and that Opflex had acquired the entire usable space of the property.
Prior to the eviction proceeding, Opflex commenced a declaratory judgment action in Supreme Court against plaintiff and others seeking, among other things, a declaration that its occupation of the property was lawful (hereinafter the Opflex action). Plaintiff answered and interposed three counterclaims, the second of which concerns us here. In that counterclaim, plaintiff sought damages due to Opflex's use and occupancy of the property, including its operation of a "substantial foam manufacturing business" at the property. By decision and order dated July 5, 2018, Supreme Court, among other things, denied that part of Opflex's motion for summary judgment seeking dismissal of the second counterclaim, ruling that plaintiff had submitted sufficient evidence to require a trial on the issue of whether Opflex occupied and damaged the property through the operation of its bun foam business.
Plaintiff then commenced the instant action against defendants. In November 2018, plaintiff served an amended complaint, focusing on damage to the property caused by defendants rather than Opflex. Plaintiff sought to charge defendants for the use and occupancy of the property and for property damages and clean-up costs relating to defendants' operation of a bun foam manufacturing business during the same time period in which plaintiff had previously maintained that Opflex occupied the property. Defendants moved to dismiss the first three causes of action alleged in the amended complaint on the ground of judicial estoppel.[FN2] As far as judicial estoppel is concerned, defendants maintained, in essence, that plaintiff was foreclosed from asserting that defendants occupied and caused damage to the property during the relevant time period since it had successfully argued in the eviction proceeding and the Opflex action that it was Opflex that occupied and [*2]caused the relevant damage to the property. Supreme Court agreed and dismissed the first three causes of action on the ground of judicial estoppel and additionally dismissed the third cause of action on the basis of collateral estoppel. The court also denied plaintiff's eleventh-hour request for leave to submit supplemental evidence because such evidence was "clearly obtainable" at or before the time of the summary judgment motion in the Opflex action. Plaintiff appeals, and we affirm.
The longstanding doctrine of judicial estoppel has been succinctly stated by this Court. "Where a party assumes a position in one legal [action or] proceeding and succeeds in maintaining that position, that party may not subsequently assume a contrary position in a second [action or] proceeding because its interests have changed" (Kittner v Eastern Mut. Ins. Co., 80 AD3d 843, 846 [2011] [internal quotation marks, brackets and citations omitted], lvs dismissed 16 NY3d 890 [2011], 18 NY3d 911 [2012]; see Davis v Wakelee, 156 US 680, 689 [1895]; Kilcer v Niagara Mohawk Power Corp., 86 AD3d 682, 683 [2011]; Mikkelson v Kessler, 50 AD3d 1443, 1444 [2008]). In order for the doctrine of judicial estoppel to apply, there must be a showing that the party taking the inconsistent position had benefitted from the determination in the prior action or proceeding based upon the position it advanced there (see Matter of Bianchi v New York State Div. of Hous. & Community Renewal, 5 AD3d 303, 304 [2004], lv denied 3 NY3d 601 [2004]; D & L Holdings v Goldman Co., 287 AD2d 65, 71-72 [2002], lv denied 97 NY2d 611 [2002]). "For the doctrine to apply, there must be a final determination endorsing the party's inconsistent position in the prior proceeding" (Ghatani v AGH Realty, LLC, 181 AD3d 909, 911 [2020] [citation omitted]).
Despite the somewhat convoluted facts regarding various assorted contaminants present in the property, we find, as Supreme Court recognized, that this is precisely the situation that obtains here, and plaintiff is foreclosed from now making such arguments. As the record reflects, in successfully obtaining a warrant of eviction against Opflex in the eviction proceeding, plaintiff took the position that Opflex was the sole occupant of the property — implicitly in its original petition in which it mentioned no other occupant and explicitly in its application to have Opflex post an undertaking in which it stated that Opflex alone occupied all of the property. Moreover, nowhere in the Opflex action did plaintiff suggest that any entity other than Opflex was responsible for the property damage and contamination for which plaintiff sought redress by its counterclaims therein. Indeed, as Supreme Court accurately noted, "[t]he first three causes of action contained in [plaintiff's] amended complaint . . . are the same or substantially similar to the first three counterclaims it asserted in the [Opflex] action except that the within defendants are substituted for [*3]Opflex." Moreover, plaintiff unmistakably obtained a benefit in the Opflex action and the eviction proceedings from these positions. In the Opflex action, plaintiff was able to fend off a motion for summary judgment interposed by Opflex and thus able to prosecute its second counterclaim and proceed to trial. In the eviction proceeding, plaintiff obtained precisely what it sought — a warrant of eviction against Opflex and a direction that Opflex post a substantial undertaking pending appeal.
We also note that plaintiff has cited no controlling authority for its contention that judicial estoppel does not apply unless the party against whom it putatively applies obtained some affirmative relief in the initial action or proceeding, and for good reason. A benefit is a benefit, whether it is an award of affirmative relief, such as a plaintiff prevailing on a motion for summary judgment, or relief in the form of the benefit that plaintiff obtained in the Opflex action — defeating a motion for summary judgment which then, as here, affords the party the opportunity to proceed to trial and obtain a judgment in its favor. The policy behind judicial estoppel "would not be served by limiting its application to cases where the legal position at issue was ruled upon in the context of a judgment" (D & L Holdings v Goldman Co., 287 AD2d at 71-72; see Kilcer v Niagara Mohawk Power Corp., 86 AD3d at 683; Festinger v Edrich, 32 AD3d 412, 413 [2006]; All Terrain Props. v Hoy, 265 AD2d 87, 93 [2000]). In the eviction proceeding, the benefit obtained by plaintiff was even more direct; plaintiff secured a warrant of eviction against Opflex and required Opflex to post a substantial undertaking (see Kittner v Eastern Mut. Ins. Co., 80 AD3d at 846).
In short, as the doctrine of judicial estoppel commands, plaintiff must reap what it has sown and live with the consequences of its prior actions and positions. Supreme Court thus properly granted defendants' motion to dismiss the first, second and third causes of action in the amended complaint based on judicial estoppel. In light of this determination, we need not address the issue of collateral estoppel, the alternative ground upon which Supreme Court dismissed plaintiff's third cause of action.
Finally, Supreme Court also properly denied plaintiff's belated motion for leave to submit supplemental evidence, a motion interposed after defendants' motion was fully briefed and oral argument held. The evidence pertained to soil samples taken from the property and submitted for testing by plaintiff in mid-2019, which purportedly revealed a particular type of contamination that plaintiff now attributes to defendants. However, as the record reflects, and as Supreme Court correctly held, plaintiff discovered such possible contamination over one year earlier and therefore "such evidence was clearly obtainable" at the time of Opflex's summary judgment motion in the Opflex action, a motion that was ruled upon in July 2018[*4]. Accordingly, Supreme Court properly exercised its discretion in denying plaintiff's motion for leave to submit such supplemental evidence (see Long Is. Jr. Soccer League v Back of the Net, Ltd., 85 AD3d 737, 738 [2011]; 2 North Street Corp v Getty Saugerties Corp., 68 AD3d 1392, 1396 [2009], lv denied 14 NY3d 706 [2010]); Rose v La Joux, 93 AD2d 817, 818 [1983]).
Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Bun foam is an industrial foam product.

Footnote 2: Defendants also moved to dismiss plaintiff's fifth cause of action. As plaintiff failed to oppose the motion, Supreme Court dismissed the fifth cause of action, and the court's dismissal thereof is not at issue on this appeal.