Walker v GlaxoSmithKline, LLC (2022 NY Slip Op 00484)





Walker v GlaxoSmithKline, LLC


2022 NY Slip Op 00484


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

531793
[*1]William Walker, Appellant,
v
GlaxoSmithKline, LLC, et al., Respondents, et al., Defendants.

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for appellant.
Hannigan Law Firm PLLC, Delmar (Timothy C. Hannigan of counsel), for respondents.



Aarons, J.
Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered July 20, 2020 in Albany County, which, among other things, denied plaintiff's motion to dismiss the ninth affirmative defense in the answer of defendants GlaxoSmithKline, LLC, GlaxoSmithKline, PLC, GSK USA and Stiefel Laboratories, Inc. to the fourth amended complaint.
In 2011, plaintiff was allegedly injured while working at a pharmaceutical plant owned and operated by defendants GlaxoSmithKline, LLC and Stiefel Laboratories, Inc. Plaintiff filed a claim for workers' compensation benefits, wherein he listed Manpower, Inc. as his employer. A C-2 form was filed by "GlaxoSmithKline [doing business as] GlaxoSmithKline" reporting plaintiff's injury and naming Old Republic Insurance Company in care of Broadspire (hereinafter Old Republic) as its workers' compensation carrier. Manpower likewise filed a C-2 form and named New Hampshire Insurance Company as its workers' compensation carrier. Old Republic controverted the claim on the basis that plaintiff was an employee of Manpower and advised the Workers' Compensation Board that Sedgwick CMS, New Hampshire Insurance Company's claim servicer, had already paid benefits to plaintiff. Following a hearing in 2012, a Workers' Compensation Law Judge (hereinafter WCLJ) decided, among other things, that Old Republic be discharged and removed from notice of the proceeding.
Plaintiff thereafter commenced this action in 2014. In December 2015, a fourth amended complaint was filed. GlaxoSmithKline, LLC, Stiefel Laboratories, Inc., defendant GlaxoSmithKline, PLC, and defendant GSK USA (hereinafter collectively referred to as defendants) served an answer in July 2019 to the fourth amended complaint, raising, as relevant here, Workers' Compensation Law §§ 11 and 29 (6) as their ninth affirmative defense. Plaintiff rejected this answer as untimely. Plaintiff subsequently moved for partial summary judgment. Defendants cross-moved for, among other things, an order compelling plaintiff to accept their answer to the fourth amended complaint and, in a September 2019 order, Supreme Court, as relevant here, granted defendants' cross motion to this extent. Plaintiff thereafter moved for dismissal of defendants' Workers' Compensation Law affirmative defense. Defendants moved for summary judgment dismissing the fourth amended complaint based upon this defense. In a July 2020 order and judgment, the court granted defendants' motion and denied plaintiff's motion. Plaintiff appeals.
Plaintiff first argues that Supreme Court erred in compelling him to accept defendants' answer to the fourth amended complaint.[FN1] A court may "compel the acceptance of a pleading untimely served[] upon such terms as may be just and upon a showing of a reasonable excuse for delay or default" (CPLR 3012 [d]). Whether a reasonable excuse exists is a determination to be made based on various factors, including the extent of the delay, the prejudice to the opposing [*2]party, whether there has been any willfulness and whether, as relevant here, the untimely answer sets forth a meritorious defense (see Dinstber v Allstate Ins. Co., 75 AD3d 957, 958 [2010]; Watson v Pollacchi, 32 AD3d 565, 565 [2006]). A court may also consider whether a defendant intended to abandon its affirmative defense (see Rickert v Chestara, 56 AD3d 941, 942 [2008]).
The record reflects that defendants' delay of approximately 3½ years before serving an answer to the fourth amended complaint was substantial. Supreme Court considered this delay but noted that there was no indication that the delay was willful. In this regard, defendants' counsel, who was substituted in 2017 to represent defendants, had believed that prior counsel had served an answer in 2015 to plaintiff's third amended complaint with the Workers' Compensation Law affirmative defense raised therein. Although an answer to the third amended complaint was not actually served, the parties still proceeded with discovery as though it had been, and plaintiff served the note of issue in February 2019 certifying that all pleadings had been served. Defendants' counsel first learned in May 2019, when plaintiff moved for partial summary judgment, that an answer had not been interposed and then immediately investigated this error. Once an investigation confirmed the error, defendants served the answer at issue and asked the court for a conference to address the lack of a timely answer to the fourth amended complaint. As such, the court did not err in finding that any delay was not willful.
Supreme Court also considered plaintiff's claim of prejudice — i.e., that he prepared for trial under the impression that defendants were not relying on the Workers' Compensation Law affirmative defense. The court nonetheless adjourned the trial date, permitted discovery on this issue and allowed plaintiff to make an application for costs and expenses incurred in connection with his trial preparation. The record likewise supports the court's finding that defendants did not intend to abandon the Workers' Compensation Law affirmative defense. Based on the foregoing [FN2] and taking into account the strong public policy of adjudicating disputes on the merits (see Dawson v Suburban Sales & Serv., 267 AD2d 733, 734 [1999]), the court providently exercised its discretion in granting that part of defendants' cross motion compelling plaintiff to accept defendants' answer to the fourth amended complaint (see Puchner v Nastke, 91 AD3d 1261, 1262-1263 [2012]; Dinstber v Allstate Ins. Co., 75 AD3d at 958-959; Rickert v Chestara, 56 AD3d at 942-943; Watson v Pollacchi, 32 AD3d at 565-566).
Turning to plaintiff's motion to dismiss defendants' Workers' Compensation Law affirmative defense, plaintiff argues that defendants should be barred from relying on it based upon judicial estoppel.[FN3] This is an equitable doctrine, also known as estoppel against inconsistent positions, and provides that "where a party assumes [*3]a certain position in a legal proceeding, and succeeds in maintaining that position, . . . [it] may not thereafter, simply because [its] interests have changed, assume a contrary position" (Shapiro v Butler, 273 AD2d 657, 659 [2000] [internal quotation marks and citations omitted]; see 12 New St., LLC v National Wine & Spirits, Inc., 196 AD3d 883, 884 [2021]; Maas v Cornell Univ., 253 AD2d 1, 5 [1999], affd 94 NY2d 87 [1999]; Shepardson v Town of Schodack, 195 AD2d 630, 632 [1993], affd 83 NY2d 894 [1994]).
Defendants, in the course of plaintiff's Workers' Compensation Law proceeding, took the position in a C-7 form controverting plaintiff's claim that plaintiff "was a temporary employee through Manpower." The C-7 form also provided that Old Republic reserved the right to develop the issue of employer-employee relationship. In a prehearing conference statement form, defendants asserted that plaintiff "was an employee of Manpower," that the claim should be the responsibility of Sedgwick, Manpower's workers' compensation carrier, that "there [was] no employer/employee relationship between [plaintiff] and [them]" and, "[a]s such, [Old Republic was] not the proper carrier." The prehearing conference statement form also noted that Sedgwick was the proper carrier responsible for payment because it was the carrier for plaintiff's employer. In a subsequent letter to the Workers' Compensation Board, counsel for Old Republic reiterated that plaintiff was an employee of Manpower and not an employee of defendants and that Sedgwick, as the proper carrier, already paid benefits to plaintiff.
In view of the foregoing, the record makes clear that defendants, through Old Republic, consistently advanced in the Workers' Compensation Law proceeding the theory that plaintiff was not its employee. Old Republic, as the workers' compensation carrier for defendants, was subsequently discharged from this proceeding. As such, defendants achieved its desired result after asserting the lack of an employer-employee relationship. Although the record is not explicit as to the basis for the discharge of Old Republic from the Workers' Compensation Law proceeding, "[t]he policy behind judicial estoppel would not be served by limiting its application to cases where the legal position at issue was ruled upon in the context of a judgment" (12 New St., LLC v National Wine & Spirits, Inc., 196 AD3d at 886 [internal quotation marks and citation omitted]).
In this action, however, defendants have taken a contrary position — i.e., plaintiff was employed by defendants as a special employee and, therefore, his sole remedy for compensation was to pursue workers' compensation benefits. Allowing defendants to argue in this action that plaintiff was their employee, after they had disavowed an employer-employee relationship in the Workers' Compensation Law proceeding and received a benefit from this position, would subvert the equitable policy behind the doctrine of judicial estoppel[*4]. Because judicial estoppel precludes defendants from relying on the Workers' Compensation Law affirmative defense (see D & L Holdings v Goldman Co., 287 AD2d 65, 71-72 [2001], lv denied 97 NY2d 611 [2002]), plaintiff's motion to dismiss this affirmative defense should have been granted. In view of this determination, defendants are not entitled to summary judgment dismissing the fourth amended complaint.
Egan Jr., J.P., Reynolds Fitzgerald and Colangelo, JJ., concur.
Clark, J. (dissenting).
I disagree with the majority's conclusion that the doctrine of judicial estoppel is applicable to this action, and thus precludes defendants GlaxoSmithKline, LLC, GlaxoSmithKline, PLC, GSK USA and Stiefel Laboratories, Inc. (hereinafter collectively referred to as defendants) from asserting that plaintiff's exclusive remedy against them is workers' compensation, and I therefore respectfully dissent.
As the majority notes, under the doctrine of judicial estoppel, "where a party assumes a certain position in a legal [action or] proceeding, and succeeds in maintaining that position, [it] may not thereafter, simply because [its] interests have changed, assume a contrary position" (Shapiro v Butler, 273 AD2d 657, 659 [2000] [internal quotation marks and citations omitted]; see 12 New St., LLC v National Wine & Spirits, Inc., 196 AD3d 883, 884 [2021]; D & L Holdings v Goldman Co., 287 AD2d 65, 71 [2001], lv denied 97 NY2d 611 [2002]). However, "[i]n order for the doctrine of judicial estoppel to apply, there must be a showing that the party taking the inconsistent position had benefitted from the determination in the prior action or proceeding based upon the position it advanced there" (12 New St., LLC v National Wine & Spirits, Inc., 196 AD3d at 884-885; see H & R Block Bank v Page, 199 AD3d 780, 782-783 [2021]; Ghatani v AGH Realty, LLC, 181 AD3d 909, 911 [2020]). In other words, the doctrine does not require simply a prior determination rendered in favor of the party against whom judicial estoppel is asserted, it is also a requirement that the determination "endors[e] the party's inconsistent position" (12 New St., LLC v National Wine & Spirits, Inc., 196 AD3d at 885 [internal quotation marks and citations omitted]; Ghatani v AGH Realty, LLC, 181 AD3d at 911-912). There is no evidence of such endorsement here.
After Broadspire, a third-party administrator, filed the C-2 form on behalf of "GlaxoSmithKline [doing business as] GlaxoSmithKline" naming "Old Republic Insurance Company [in care of] Broadspire" (hereinafter Old Republic) as GlaxoSmithKline's workers' compensation carrier, "Old Republic [doing business as] Broadspire" controverted the claim. As the majority points out, one of the issues raised in doing so was "employer-employee relationship." The other issue was "proper carrier," but most significant is the factual basis specified for why the claim was being controverted — that a duplicate claim already existed against Manpower, Inc., which [*5]had been established and was being paid for by Manpower's workers' compensation carrier.[FN4] Duplicate claims of course cannot proceed (see Employer: JRL South Hampton LLC, 2021 WL 6190759, *3, 2021 NY Wrk Comp LEXIS 6091, *6-8 [WCB No. G233 8279, Dec. 23, 2021]; Employer: Dept. of Transportation, 2021 WL 2600587, *3, 2021 NY Wrk Comp LEXIS ___, *___ [WCB No. G233 5665, June 17, 2021]; Employer: R M Dalrymple Co. Inc., 2020 WL 5874400, *7, 2020 NY Wrk Comp LEXIS 14017, *15 [WCB Nos. G183 7155, G183 6462, G239 9512, Sept. 23, 2020]; Employer: United Parcel Post, 2019 WL 1585756, *2, 2019 NY Wrk Comp LEXIS 3454, *5-6 [WCB No. G097 4331, Apr. 3, 2019]; Employer: Carey Limousine, 2017 WL 4087898, *3, 2017 NY Wrk Comp LEXIS 11005, *5-6 [WCB No. G165 4472, Sept. 1, 2017]; Employer: Nassau County Treasurer, 2009 WL 1942623, *3, NY Wrk Comp LEXIS 10729, *4-6 [WCB Nos. G000 0417, 20804768, June 24, 2009]).
Furthermore, although we know that a hearing as to the duplicate claim was held, no transcript from that hearing was included in the record on appeal. The hearing notice that we do have indicates that the purpose of the hearing was to address the "[q]uestion of loss of earnings[,] [q]uestion of accident, notice to employer and causal relationship of accident to injury." A Workers' Compensation Law Judge (hereinafter WCLJ) made findings after that hearing that do not include anything related to "employer-employee relationship." The WCLJ issued a decision thereafter, making certain awards to plaintiff and indicating only that "Old Republic is discharged and removed from notice." Although the WCLJ does not explain the basis for the discharge in that decision, the decision makes clear that it was rendered upon the aforementioned hearing, and there is again no suggestion that said hearing addressed any issue relevant here. Indeed, the record before this Court contains an affirmation by the attorney retained by Old Republic in the underlying workers' compensation matter confirming the limited scope of the hearing.
In my view, it cannot definitively, or reasonably, be said on the record before this Court that the subject discharge was based upon the WCLJ's adoption of any sort of employer-employee relationship defense. The majority is correct that the policy behind judicial estoppel "would not be served by limiting its application to cases where the legal position at issue was ruled upon in the context of a judgment" (D & L Holdings v Goldman Co., 287 AD2d at 72 [holding that the plaintiff was judicially estopped from asserting a right of redemption after persuading the Bankruptcy Court for a second, extraordinary extension to satisfy escrow conditions where the court relied upon the plaintiff's representation that it would not claim any further interest in the subject property if it did not satisfy the conditions prior to the expiration of the second extension period]; see 12 New St., LLC v National Wine & Spirits, Inc., 196 AD3d at 885-886 [holding that [*6]judicial estoppel is not limited to where "the party against whom it putatively applies obtained some affirmative relief in the initial action or proceeding" because "(a) benefit is a benefit, whether it is an award of affirmative relief, such as a plaintiff prevailing on a motion for summary judgment, or relief in the form of . . . defeating a motion for summary judgment which then . . . affords the party the opportunity to proceed to trial and obtain a judgment in its favor"]). However, the issue here is not the nature of the benefit received by defendants, it is the basis upon which it was obtained (see generally 57 NY Jur 2d Estoppel, Etc. § 68 [entitled "Adoption of position by court as required for judicial estoppel": "For judicial estoppel to apply, the party against whom estoppel is asserted must have argued an inconsistent position in a prior proceeding, and the prior inconsistent position must have been adopted by the court in some manner"]). Thus, with no record evidence that a prior tribunal has formally adopted or endorsed any relevant position presumably attributable to defendants, any current position taken by defendants cannot be found to be conflicting (see Houston v McNeilus Truck & Mfg., Inc., 124 AD3d 1205, 1208 [2015]; Finkel v Firestone, 102 AD3d 735, 736 [2013]; Town of Caroga v Herms, 62 AD3d 1121, 1123-1124 [2009], lv denied 13 NY3d 708 [2009]; see also Capizzi v Brown Chiari LLP, 194 AD3d 1457, 1459-1460 [2021]; MacArthur Props. I, LLC v Galbraith, 182 AD3d 514, 514 [2020]; Ghatani v AGH Realty, LLC, 181 AD3d at 911-912; Stewart Tit. Ins. Co. v New York Tit. Research Corp., 178 AD3d 618, 619 [2019]; Fixler v Reisman, 133 AD3d 709, 709-710 [2015]; People v Adam, 126 AD3d 1169, 1171 [2015], lv denied 25 NY3d 911 [2015]; Matter of A.F. v K.H., 121 AD3d 683, 684 [2014]; Rosario v Montalvo & Son Auto Repair Ctr., Ltd., 76 AD3d 963, 964 [2010]).
I also do not find the two positions allegedly in conflict here to be incompatible. "[The Court of Appeals] ha[s] consistently found as a general proposition that a general employee of one employer may also be in the special employ of another, notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]; see Matter of Mitchell v Eaton's Trucking Serv., Inc., 165 AD3d 1360, 1360-1361 [2018]; Wilson v A.H. Harris & Sons, Inc., 131 AD3d 1050, 1051 [2015], lv denied 26 NY3d 914 [2015]; Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779, 779 [2014]; Eddy v White, 304 AD2d 959, 960 [2003]; see also Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 358-359 [2007]). Here, plaintiff was hired by Manpower and assigned to conduct inventory control at a pharmaceutical plant owned and operated by defendants, and "[a] special employee is 'one who is transferred for a limited time of whatever duration to the service of another'" (Fung v Japan [*7]Airlines Co., Ltd., 9 NY3d at 359, quoting Thompson v Grumman Aerospace Corp., 78 NY2d at 557; see 109 NY Jur 2d Workers' Compensation § 86). In the prehearing conference statement cited by the majority, Old Republic makes clear that its position is that plaintiff "was not directly employed by [defendants]."[FN5] "Judicial estoppel requires a true inconsistency between positions or statements in two proceedings"; "if the positions or statements can be reconciled, there is no occasion to apply an estoppel" (57 NY Jur 2d Estoppel, Etc. § 60).
In light of the foregoing, I would hold that defendants should not be judicially estopped from asserting their ninth affirmative defense.
ORDERED that the order and judgment is reversed, on the law, with costs, plaintiff's motion to dismiss granted and motion by defendants GlaxoSmithKline, LLC, GlaxoSmithKline, PLC, GSK USA and Stiefel Laboratories, Inc. for summary judgment denied, said defendants' ninth affirmative defense dismissed and fourth amended complaint reinstated.



Footnotes

Footnote 1: Although the record does not contain a notice of appeal with respect to the September 2019 order, such order is brought up for review in plaintiff's appeal from the July 2020 order and judgment (see CPLR 5501 [a] [1]; Carrington Mtge. Servs., LLC v Fiore, 198 AD3d 1106, 1107 [2021]).

Footnote 2: Supreme Court found that the Workers' Compensation Law defense had merit and plaintiff does not challenge this finding.

Footnote 3: We note that plaintiff's judicial estoppel argument was not raised before Supreme Court. Notwithstanding the foregoing, it may be reviewed on appeal because it presents an issue of law that appears on the face of the record and could not have been avoided had it been raised at the trial level (see Butler v Cayuga Med. Ctr., 158 AD3d 868, 873 n 3 [2018]).

Footnote 4: The record contains an affirmation by the attorney retained by Old Republic in the underlying workers' compensation matter indicating that "GSK," or "GlaxoSmithKline and GSK St[ie]fel," had specifically contracted for Manpower to provide workers' compensation insurance coverage for personnel such as plaintiff.

Footnote 5: The instructions for completing a C-7 form demonstrate that the check box for "employer-employee relationship" has multiple meanings: "For example, that claimant was an independent contractor; that there was no covered employment, such as casual employment, certain domestic employment, or certain other activities . . .; that claimant does not fit the definition of employee . . .; that claimant was an excluded employee such as a partner or certain corporate officers, or that the Board should be aware that there was more than one employer (dual employment which causes injury), or special-general employment" (emphasis omitted). By checking that box and further explaining that another was plaintiff's direct employer, defendants cannot be said to have disavowed all other possibilities. For completeness, "proper carrier" is intended to convey that "coverage did not exist as of the date of the accident or date of disablement. For example, the policy had been canceled, and new coverage was placed with a subsequent carrier; or that the carrier named had never provided coverage for the employer" (emphasis omitted) — or perhaps when another employer has contractually obligated itself to provide coverage through its own workers' compensation carrier.